NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RFC LENDERS OF TEXAS, LLC,**
*Plaintiff-Appellant*

**v.**

**SMART CHEMICAL SOLUTIONS, LLC,**
*Defendant-Appellee*

---

2025-1044

---

Appeal from the United States District Court for the Western District of Texas in No. 6:23-cv-00832-XR, Judge Xavier Rodriguez.

---

Decided:  April 29, 2026

---

KENNETH T. EMANUELSON, II, The Emanuelson Firm, P.C., Dallas, TX, for plaintiff-appellant.  Also represented by STEVEN EDWARD ROSS, Maxus Legal PLLC, Dallas, TX.

MICHAEL J. ZINNA, Kelley Drye & Warren, LLP, New York, NY, for defendant-appellee.  Also represented by VINCENT FERRARO.

---

Before DYK, PROST, and CUNNINGHAM, *Circuit Judges.*

PROST, *Circuit Judge*.

RFC Lenders of Texas, LLC ("RFC") appeals an order of the U.S. District Court for the Western District of Texas granting Smart Chemical Solutions, LLC's ("Smart Chemical") motion to dismiss on the basis that the asserted patent's claims are ineligible for patenting under 35 U.S.C. § 101. *RFC Lenders of Tex., LLC v. Smart Chem. Sols., LLC*, 743 F. Supp. 3d 911, 924 (W.D. Tex. 2024). For the following reasons, we affirm.

## BACKGROUND

RFC owns U.S. Patent No. 7,430,471 ("the '471 patent"), which relates to monitoring vehicles for "unauthorized usage." '471 patent col. 3 ll. 53–61. The '471 patent acknowledges that "[s]ystems are presently available to automatically provide the present location of a" vehicle. *Id.* at col. 1 ll. 18–23. It offers a purported improvement by suggesting that a system can determine unauthorized usage based on an operator identification being received (or not) within a time interval of detecting vehicle "activation or tampering." *Id.* at col. 2 ll. 31–35. It also explains that "a presence of the vehicle is detected at a landmark," which can be "any geographic location." *Id.* at col. 3 ll. 7–9. As an example, the vehicle may include a monitoring system that can detect a radio frequency identification ("RFID") tag contained in a landmark such as a parking stall. *Id.* at col. 3 ll. 13–21. Or, from the landmark's perspective, "a reader at the parking stall" can detect an RFID tag on the vehicle. *Id.* at col. 3 ll. 21–28. Claim 1 recites:

A method for monitoring a vehicle, comprising:

detecting movement or activation of the vehicle;

transmitting a signal indicating movement or activation of the vehicle, to a control center;

transmitting any received operator identification information to the control center;

> determining whether an operator identification was received within a time interval of the detected movement or activation of the vehicle;
>
> detecting at the vehicle the presence of a landmark; and
>
> transmitting data identifying the landmark and/or a location of the landmark to the control center.

*Id.* at claim 1. Independent claim 15 is similar to claim 1 except that it does the detecting from the opposite perspective, i.e., "detecting *at a landmark* the presence of *the vehicle*," and "transmitting data identifying *the vehicle*." *Id.* at claim 15 (emphasis added).

RFC sued Smart Chemical for infringing one or more claims of the '471 patent. Smart Chemical moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing all claims of the '471 patent are ineligible under § 101. The district court granted Smart Chemical's motion and denied RFC's motion for leave to amend its complaint due to futility.

RFC timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's decisions on motions to dismiss and motions for leave to amend under the law of the regional circuit. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1288 (Fed. Cir. 2024). The Fifth Circuit reviews decisions on Rule 12(b)(6) motions to dismiss de novo, *see, e.g.*, *Molzan v. Bellagreen Holdings, LLC*, 112 F.4th 323, 331 (5th Cir. 2024), and when a district court denies leave to amend due to futility, the Fifth Circuit reviews that decision de novo as well, *Martinez v. Nueces County*, 71 F.4th 385, 390–91 (5th Cir. 2023). To survive a Rule 12(b)(6) motion, a complaint must allege enough facts that, accepted as true, "state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I

Patent eligibility under § 101 is a question of law that may involve underlying questions of fact. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018). "We review the district court's ultimate conclusion on patent eligibility de novo." *Id.*

To evaluate patent eligibility under § 101, we apply the familiar *Alice* two-step framework. At step one, we determine whether the claim at issue is "directed to" a patent-ineligible concept, such as an abstract idea. *See Alice Corp. v. CLS Bank Int'l,* 573 U.S. 208, 218 (2014). Under this directed-to inquiry, "we ask what the patent asserts to be the focus of the claimed advance over the prior art to determine whether the claim's character as a whole is directed to ineligible subject matter." *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1359 (Fed. Cir. 2020) (cleaned up). If the claim is directed to an abstract idea at step one, we move to step two, "where we examine the elements of the claim to determine whether it contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Id.* (cleaned up). If the claim contains no such inventive concept at step two, it is patent ineligible.

As an initial matter, RFC contends that the district court erred by determining claim 1 to be representative of all claims of the '471 patent.[1] RFC argues that certain limitations from the dependent claims "further specify the improved method for monitoring and controlling vehicles," and thus claim 1 is not representative of those claims. Appellant's Br. 40–41. RFC has forfeited that argument by

---

[1]    RFC concedes, however, that claim 1 is representative of claim 15.  Appellant's Br. 37 n.8.

failing to raise it before the district court. *See In re Watts*, 354 F.3d 1362, 1367–68 (Fed. Cir. 2004). And in any event, we see no error in the district court's treatment of claim 1 as representative because, as discussed below, the additional limitations found in the dependent claims only "tack on generic computer components . . . or introduce conventional computer activities." *See Mobile Acuity*, 110 F.4th at 1291–92.

A

At *Alice* step one, the district court concluded that representative claim 1 of the '471 patent is directed to the abstract idea of "detecting, transmitting, and processing data to monitor vehicles." *RFC*, 743 F. Supp. 3d at 920. RFC argues that the district court overgeneralized the claims and failed to consider their detailed limitations. We disagree.

The district court properly characterized the claims as being directed to the basic concept of monitoring vehicles and lacking any "concrete or tangible form." *Id.* The claims invoke only generic computing functions ("detecting . . .; transmitting . . .; determining . . .") in result-oriented language without providing specifics as to how to achieve the claimed results. For example, the step of "detecting at the vehicle the presence of a landmark" lacks any meaningful detail regarding how to do so in a nonconventional way.[2]

---

[2]    On appeal, RFC argues that the claimed advance is the ability to "control" monitored vehicles. Appellant's Br. 23. While RFC argued before the district court that there was an inventive concept in the claims because they describe transmitting to the control center information regarding whether a driver of a vehicle was authorized, there was no argument that the claims cover *control* of the vehicle based on that information. Further, the claims on their face do not cover any such activity.

Thus, examining claim 1 as a whole, we determine that it is not directed to any computer improvement, but rather is directed to an abstract idea that merely invokes computers as tools.

The dependent claims also fail to add any meaningful specificity, and instead, "offer little more than minor variations," as the district court properly found. *RFC*, 743 F. Supp. 3d at 918. For example, claims 10 and 11 recite that "detection is performed by a[n] [RFID] transceiver," without any further meaningful detail. Nor does the specification provide any significant accompanying description. *See* '471 patent col. 2 ll. 7–11 (describing an RFID reader as merely one among "any other reader capable of or arranged to receive information from the token presented by the operator"). This is yet another example of the claims tacking on generic computer components or introducing conventional computer activities, and it underscores that the claims are linked to the same ineligible concept. *See Mobile Acuity*, 110 F.4th at 1290–91. We thus agree with the district court's conclusion that representative claim 1 is directed to the abstract idea of "detecting, transmitting, and processing data to monitor vehicles." *RFC*, 743 F. Supp. 3d at 920.

B

At *Alice* step two, we agree with the district court that representative claim 1 lacks an inventive concept that transforms the abstract idea here into a patent-eligible invention. *Id.* at 922. Before us, RFC largely repeats its *Alice* step-one argument regarding unclaimed "control" functions, which is also raised for the first time on appeal and therefore forfeited. And as to RFC's argument that the district court misinterpreted the specification's admissions that its methods can be implemented using conventional components, we see no error in the district court's analysis. As the specification makes clear, the claimed steps are themselves conventional, well-understood, and routine,

and any of the generic computer components invoked therein would only operate according to their ordinary functions to carry out the claimed functions. *See* '471 patent col. 5 ll. 48–59.

Accordingly, we agree with the district court that the claims of the '471 patent fail both *Alice* steps and are therefore ineligible under § 101.

## II

We next address whether the district court properly denied RFC's motion for leave to amend its complaint. RFC's main argument appears to be that the district court made "an improper finding of fact" as to the *Alice* step-two inquiry. Appellant's Br. 42. That argument fails. The district court explained that it need not credit "conclusory allegations" that the claimed steps were not well-known, routine, and conventional, particularly when "the specification acknowledges that the '471 [p]atent's claims could be carried out using conventional computing components." *RFC*, 743 F. Supp. 3d at 922–24. Conclusory allegations need not be credited as true at the motion-to-dismiss stage, *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007), including allegations contradicted by the specification, *see Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017). We thus see no error in the district court's determination.

## CONCLUSION

We have considered RFC's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**